Good morning. May it please the Court. Counsel, the issue I would like to address today in my oral argument is the jurisdictional issue under Eberhardt and Counsel, would you please keep your voice up? Sorry. Thank you. Is that better? Much better. Okay. Your Honors, I submit that this is a case of unique circumstances and I think that what would be helpful at this time is to just go through a very quick timeline of what had happened in the errors in not filing the notice of appeal. Mr. Sadler was sentenced on November 28, 2005. On December 1, his trial attorney filed a motion to withdraw and requested that appellant counsel be appointed to represent him. In that motion, he stated a counsel has filed a notice of appeal on behalf of the defendant. Which hadn't happened. Excuse me? Which isn't true. Correct. Is there any possibility, and I don't know whether this is where you're going, of construing that as a notice of appeal? I think it is, actually, because at that point, I believe that everybody involved in the case, the government, the court, and probably even trial counsel, believed that a notice of appeal had been filed. While I have issues concerning how trial counsel handled the filing, I don't think that he was deliberately dishonest by any means. I think he thought he filed it. And then I was appointed December 16 of 2005, which would have been outside that time limit for filing the notice of appeal. I received Outside the time limit for requesting an extension of the time to file a notice of appeal? Within the time frame for requesting an extension, but I thought it had been filed. You know, I would not have been appointed, in my view, if he hadn't filed notice of appeal. And Judge Collins, in appointing me, ordered that I was appointed for purposes of appeal. So I thought it was filed. And as is demonstrated by Well, I'll give you, how long, how many months was it before you found out there hadn't been any filing? Oh, it was a while, Your Honor. It was on March the 1st of 2006. And how many months later? It comes out to 84 days, according to the government's calculation. That's like two and a half months, almost three months. Yes. It's just mind-boggling to me that when you get appointed to a case for the first time, you just don't go through the record of everything. I did. Well, you didn't find out that the appeal hadn't been filed. Well, the problem is, as stated in my motion for delayed appeal, I received the file from trial counsel on January 4th. I did go through it, Your Honor. The problem with this particular attorney is he didn't give me very much. I didn't even have minute entries from the trial itself. I had to get those from the district court. It never once occurred to me, though, that he hadn't filed the notice of appeal. I was prompted to call the court because I hadn't gotten my docket and I hadn't gotten my deadlines. And I kept wondering, well, where is it already? And you're right, it would have been a good idea to call sooner. I take responsibility for that. I guess you're asking for things out of the record. I did tell my secretary to do it sooner. She didn't. But the day that I found out was the day that I filed the motion for a delayed appeal. And I realized that it's outside the 30 days that is provided by Rule 4. But Secretary, there's another factor, too, which is that this statement that counsel has filed a notice of appeal was submitted to the court and presumably was approved by the court because the court approved the withdrawal. Yes. So it wasn't simply that the lawyer said there was a notice of appeal, but in effect the court said there was a notice of appeal. Exactly. And that's why I'm submitting that the court should either allow the delayed appeal under Eberhardt and under Harris-Trucking by finding that this is a case of unique circumstances, or the court could consider that that operated as a notice of appeal, because I think that all parties involved in the case actually agree. But you didn't brief that second issue. I mean, I have no idea what the case law is on what kinds of notices are considered notices of appeal. You're right. I didn't. I did not brief that. And it did occur to me as I was preparing for this argument, but it's a little late now. But I think that when counsel went – I think that the crucial issue in filing a notice of appeal is to give the other party notice that you're appealing it. That's what's critical. The government essentially – Yes, it is. It is. You're right, Judge. I can't get around the fact that the court didn't have the actual document saying pursuant to the rules, I didn't know that Eberhardt applies, and the government somewhat belatedly, I must say, in the sense of the amount of work we did first, has now agreed that Eberhardt applies. But we don't have any case law actually saying that Eberhardt applies to Rule 4B with regard to criminal. I think the closest that we get is the Bowles case, which – the Bowles case, which is cited by the government in its answering brief. And that one is actually helpful to me in the sense that if you – That's the Sixth Circuit case? Yes. It's actually helpful in the sense that in the Bowles decision, the appellant had stated he didn't get notice of a judge's decision until several months after it was entered and requested permission to file a delayed appeal, and the district court granted it. That was a case involving a State habeas – a State prisoner filing a Federal habeas corpus. But I think it is instructive that when the defendant doesn't actually know about something, that the rules allow an extension of time. And in the Bowles case, it was considerably longer than just the 30 days under Rule 4. I do think that this was just a series of errors that began with everyone thinking something had been filed when it wasn't. And I would submit to the Court that this is not Mr. Sadler's fault. This is – he thought the notice had been filed. His attorney, I think, thought the notice had been filed. Like I said, I would not accuse this attorney of deliberately misleading the Court. The judge thought it had been filed. I think the government thought it had been filed. I'd ask the Court to give him a chance to have his appeal considered on the merits. Well, if you lose, do you have a 2255 alternative? I – yes and no. I considered that, yeah. I – he has a right to argue that he had ineffective assistance of counsel for not filing the notice of appeal. Then he requests the judge allow him a delayed appeal. But then we're back to the same question. Do the rules allow you to file a delayed appeal a year after the conviction because your attorney didn't do it? Well, then you've got the same problem as we started with. So why not deal with it now? Why not just let him have his – his day in court? He has a right to appeal. Well, you've got to be careful about it. Why not let him do it now when you're in appeals court and you're writing an opinion? That's precedent. Sometimes you get in trouble. I understand, Judge Brey, but that's why I'm suggesting that this is a case of unique circumstances. And I'm not asking the Court to take the rules and put them out the window. What I understood you to be saying about why not do it now is because what you're really saying is if the government – I think this is what you're saying – if the government's objection is sufficient to preclude us from allowing the appeal now, it would be similarly ineffective later. In other words, a 2255 isn't going to work is what you're basically saying. If it doesn't work now, it's not going to work later. Exactly. That is what I'm saying. The one other thing I would like to address is the government's failure to object. And I also would like to address the letter that was sent to the – sent by the government to this Court, which I feel is untimely and I also feel is – well, if the government wants to withdraw part of its argument, they can do that. But the second paragraph of the letter dated November 29th contains additional argument, and I don't think that a letter is an appropriate venue in which to make that argument. What I would like to say – There were only three business days involved here. Right. Right. And you're claiming the government had to object within those three business days? No, I'm not. You're talking about the motion for delayed appeal that I filed, Your Honor? Yes. The government had 10 days, and the Court granted the motion before the 10 days expired. Nevertheless, the government had the opportunity to file a motion for reconsideration, politely remind the judge, hey, we have 10 days to object, you rule too soon, these are our objections. The government never objected. When the appellate commissioner issued an order directing counsel to address the application of the Eberhardt decision in its briefs, the government waited until filing its answering brief to make any argument regarding the untimeliness of the appeal. I think that forfeits the objection, and I would ask the Court to so that the court can make a decision on the following. Okay. Thank you very much. I'm basically out of time. Thank you very much. Thank you. Good morning, Your Honors. May it please the Court, Celeste Corlett, assistant United States attorney here on behalf of the United States. Your Honors, the government respectfully asked the Court to dismiss this appeal as untimely. The defendant had 10 days to file his notice of appeal, then an additional 30 days to file for a motion for extension of time under excusable neglect. The appeal in this case and the motion were clearly untimely. And the district court, when it ordered, when it granted that excusable neglect was beyond what the rule permitted. There is no guarantee. That's true. It's also true that now that you've agreed that Eberhardt applies to this, that the government doesn't have to object. Actually, Your Honor, I don't think that we're agreeing that Eberhardt does apply. Actually, we said that Eberhardt is not applicable because it deals with Rule 33. But we were agreeing that this is a claim processing rule. Well, that's what I meant. Rules to jurisdictional, yes. Okay. But we don't believe that. I don't even understand your distinction, but go ahead. Well, we don't even believe that the Court has to reach that issue on whether or not Rule 4b is a claim processing versus a jurisdictional issue. I thought you said we ought to because there's certainly a lot of cases out there in which that question is a relevant one. I understand. And they're very hard to get to an argument panel because ordinarily the government will object in a timely manner. I understand. But the facts in this case are not such that it's required, Your Honor, because the facts in this case are that the government did object timely and it did object timely. Well, there's a question in that regard. And I guess I'm asking you something else, which is, oh, I mean, you might think that the merits of this appeal are not terribly significant. But suppose that we had a really significant appeal and a miscarriage of justice and you had the authority to not object. Given these circumstances in which nobody seems to have – in which the defendant was severely disadvantaged by an attorney who represented he had done something he hadn't done, when is it appropriate for the government to not object? Well, Your Honor, it's appropriate for the government to object when we did, which was at the appellate level. And if the government asked the court to look at both Kerloch and Bowles that was cited in our brief, in both of those cases, this was after Eberhard, both of these cases dealt with whether or not that was timely when the government objected. And in both of these cases, the courts found, and these are different circuit courts, in Kerloch it's the Third Circuit. And in that case, the court found that the government properly raised a defective and untimely nature of the defendant's notice of appeal in its response to the clerk. And then again in Bowles, which – Well, did you do that? What exactly happened here? In this case – There was a request, was there not, for you – was there a motion to show cause or something? No, there was not, Your Honor. The – There was an order just to brief the Eberhard issue? Exactly. I could find that in the record. On the excerpt of record at page 60, the appellate commissioner had asked for the parties to – it had noticed that the notice of appeal was late, asked the parties to address that issue and specifically to address the Eberhard case, the new case that had come out. But your understanding is that meant in the briefs, not earlier? Yes, Your Honor. And again in Bowles, in that case, it was exactly at that time that the court objected and the court in that case, which was the Sixth Circuit, stated that the respondent by objecting in his brief to the court never forfeited his right to strict adherence to Rule 4. I guess what I'm asking you is that you're – the court – I mean, this whole rules processing rule idea is unusual because it essentially puts all the authority in the hands of the other party as to whether the rule is going to be enforced or not, because it essentially says you can either – you as the opposing party can decide to invoke it or not invoke it. If you invoke it, the court has no authority to not apply it, but if you don't invoke it, the court doesn't have to apply it. Is that your understanding of what's being said? No, Your Honor. I understand that if the government objects or if the party objects, then it's automatic that the appeal should be denied. That's what I just said. I'm sorry. But then the second part I understood you to say was that if the government does not object, that then the court cannot dismiss the appeal, and that I don't believe is the case. There is one of the cases that we had cited to, which I'm not remembering off the top of my head, that did say that if you did leave it that way, that it just depends on whether we object or not, whether or not the appellate court can dismiss it. Then it is living it into the party's hands, and that's not the purpose of the rule. And actually, Your Honor, I also directed you to the Aravalo case, R-E-V-A-L-O, that we cited in our brief on pages 17 and 19. And that was a Ninth Circuit case. That was before Eberhardt. But in that case, the court specifically said, this Court said, that Rule 26B precludes the court of appeals from granting an extension of time for filing a notice of appeal except as permitted by Rule 4, and Rule 4 only grants it in that 30 plus 10 days. So the only way to get to the court of appeals is to grant an extension of time. But that's inconsistent with your concession now that it's not jurisdictional. In other words, that was a theory that it was jurisdictional, no? Well, after that case, there is a more recent case that we don't have cited that came after our brief that I just recently found, Machado, United States v. Machado from the Eleventh Circuit, and that is 465 F. 3rd, 1301, in 2006. And in that case, they actually cite the Ninth Circuit case, Arvalo, approvingly saying that the court does have the jurisdiction or does have the power to dismiss the case. And in this case, what happened was that the defendant had asked for he had filed the notice of appeal. The government specifically said, yes, he's within the time. And the court, sua sponte, said, no, he's not within the time, and dismissed the case. Let me we're talking about time here. I want a time frame here. On December, wait a minute, on March 1st, new counsel filed a motion to accept delayed notice of appeal as well as a notice of appeal. And I take it your office got copies of the motion, did it not? Yes, Your Honor. And when did your office make the objection? In our response to pleading in this court, Your Honor. In other words, you didn't make the objection from March 1st until sometime after May 16th. That's correct, Your Honor. Well, can't we assume that it was just a belated idea that you had? And initially, you were prepared to go forward with the appeal. You certainly didn't object in a timely fashion. No, Your Honor. I think we did object in a timely fashion when we responded in this court. As the case in Kerlock, it was very similar in that the defendant Well, in the old cases, let me say this. Before Eberhardt, I've been on the bench a long time. There never was any question that if you didn't file your notice of appeal within the 10 days or get an extension within the 30 days, you were out. There wasn't any Eberhardt there. You were just out jurisdictionally. Now, you more or less conceded. It's not a jurisdictional matter. So now, why can't we consider that you waived it by not acting earlier? Because, Your Honor, and according to Kerlock and Bowles that were both after Eberhardt, that the government is timely when it objects to this court. And that's why we're saying we did not waive our rights when the district court made its decision. I want to clarify one thing, by the way. I'm taking, I'm assuming that the government's newfound recognition about Eberhardt or about the jurisdictional character of Rule 4 pertains to Rule 4b and not Rule 4a. I don't know if Your Lett has said that, but that's right, right? Yes. Because, and the difference is, because I don't remember whether Lett says this either, is that there is a statutory basis for Rule 4a and not for Rule 4b. Exactly, Your Honor. Okay. And if I could just briefly address one of the questions that the court had addressed earlier, and that is whether or not notice was through that motion to withdraw. And the government argues that it was not because Black's Law says that knowledge, I'm sorry, notice is a knowledge of the existence of a fact. There was not knowledge of the existence of a fact. This court wasn't noticed of it. It didn't start proceedings as though there was a notice of appeal. The district court wasn't noticing it. Although they granted the motion to appoint new counsel, it was for all further proceedings in addition, including the appellate proceeding, but also on ER-59. The district court, I presume that this is a routine kind of a motion and that the district court has seen it a hundred times or a million, a thousand times, and that the notices of appeals usually are filed when the motions as required to the notices of appeal be filed before the motion to withdraw is made. But in its order on ER-59, it doesn't say based on that motion to withdraw, he has filed a notice of appeal. Instead, it says at sentencing he noticed us that he was going to – he wanted to appeal. And as the court knows, many times at sentencing defendants say we want to appeal, we want to appeal. After the common sense of the morning, they change their mind, and especially after new counsel is appointed. But that's the point. The written motion said that there was a notice of appeal filed. Right. And that certainly indicates that he wanted to file a notice of appeal, whether he did or didn't want to. And again, I refer the court to Kerlock where they're quoting the U.S. Supreme Court Smith v. Berry that says it's the notice afforded by the document, not the litigant's motivation in filing it, that determines the document's sufficiency as a notice of appeal. And the government argues that that was not a sufficient notice of appeal to give all parties notice. And additionally, the defendant could have filed something within that 30 days because that's where you get to correct for these errors. In that 30 days, the defendant could have filed a notice saying, please consider that as our notice of appeal. Could have supplemented with the letter anything. But instead, they waited for 86 days to file anything in this case. And the government would argue that is well beyond the rule, that's well beyond even what the court of appeals says in Arvalo that they're allowed to extend the time for. Thank you very much, Counsel. Thank you for your argument. Counsel. I think I have just enough time to say, in the cases cited by the government regarding the government's ability to object in this court, in those cases, the government objected right at the start when the case got to this to the appellate court. They did not wait until filing their answering brief. We don't have any rule or local rule requiring that, do we? Excuse me? We have no local rule requiring that. Maybe we ought to, but we don't. No, you don't. But I would think that if a party is going to object, they would make that objection sooner rather than later. Well, I understand it. But if they don't have any obligation to do it, then we can't fault them for not doing it. I think you can consider the length of time that passes before they make any kind of complaint as to whether they truly meant to object or not. But ordinarily, the ordinary rule in appeal is that you have an obligation to raise your issues in a brief. True. Only. True. So it seems hard to me. Yes. We're going to take a short recess. Thank you for your argument. And we're going to submit the case of United States v. Sadler and take a short recess. Thank you. Thank you.
judges: Bright , D.W. Nelson, Berzon